**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erlinda Isip and Faye Perez, | No. CV-18-04182-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| World Financial Group, | |
| Defendant. | |

Pending before the Court is World Financial Group's Motion to Dismiss (Doc. 12, "Mot."). World Financial Group ("WFG") asks the Court to dismiss the Complaint (Doc. 1, "Complaint") because Plaintiff Erlinda Isip's claims are barred by the statute of limitations and this Court lacks personal jurisdiction over WFG for Plaintiff Faye Perez's claims. Plainitff Erlinda Isip filed a response. (Doc. 20). Plaintiff Perez filed a response as well. (Doc. 27). WFG replied to both responses. (Docs. 24, 28).

**I.     Background**

Plaintiffs allege WFG is liable for fraud done by Maria Bernadette Roxas-Smith. WFG describes itself as "a marketing company that offers a business platform to individuals who seek to run independent financial services businesses." (Mot. at 2–3). Plaintiffs refer to Ms. Roxas-Smith as the "perpetrator" of the fraud and claim she acted as a "life insurance agent with WFG" before her termination in February 2017. (Complaint ¶ 8). In total, they allege Ms. Roxas-Smith fraudulently took $200,000 from Plaintiff Isip and $331,367 from Plaintiff Perez. (*Id.* ¶¶ 19, 41). Most of their allegations concern Ms.

Roxas-Smith's behavior rather than acts of the actual defendant in this case WFG. Generally, they seem to be alleging that WFG enabled Ms. Roxas-Smith to conduct her fraudulent schemes by allowing her to continue working on behalf of WFG after Plaintiff Isip notified WFG executives of Ms. Roxas-Smith's behavior, failed to report Ms. Salas-Smith to the Nevada, California, and Arizona Departments of Insurance, and ignored Plaintiffs concerns. (*Id.* ¶¶ 21–24, 46–48).

## II. Legal Standard

WFG moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(2). To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Prior to trial, a defendant may move to dismiss the complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2); *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Plaintiffs bear the burden of establishing personal jurisdiction. *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). In determining whether the plaintiff has met this burden, uncontroverted allegations in the plaintiff's complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's]

favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). Arizona exerts personal jurisdiction to the "maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a); *see also A. Uberti and C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995) (analyzing personal jurisdiction in Arizona under federal law). Therefore, the analyses of personal jurisdiction under Arizona law and federal due process are the same. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).

Because compliance with the applicable statute of limitations is not a pleading requirement under Federal Rule of Civil Procedure 8, *see Wyatt v. Terhune*, 315 F.3d 1108, 1117–18 (9th Cir.2003), dismissal on such grounds is not justified "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim," *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir.1998) (quotation omitted). "Dismissal on statute of limitations grounds can be granted pursuant to Fed.R.Civ.P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled,'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (quoting *Vaughan v. Grijalva*, 927 F.2d 472, 478 (9th Cir. 1991)), or had otherwise not yet accrued.

**III. Analysis**

A. Statute of Limitations

The Complaint is not clear as to what legal theory Plaintiffs are relying on for relief. Plaintiffs talk a lot about fraud, but it alleges fraud on the part of Ms. Roxas-Smith and not fraud committed by WFG. The Court agrees with WFG that Plaintiffs are asserting a negligent supervision claim. Negligent Supervision claims are subject to a two-year statute of limitation. A.R.S. §12-542; *Moses v. Phelps Dodge Corp.*, 808 F. Supp. 1287, 1289 (D. Ariz. 1993). Plaintiff Isip does not dispute that there is a two-year statute of limitations.

Plaintiff Isip's argument against application of the statute of limitations here is the doctrine of equitable tolling and that of equitable estoppel. Equitable tolling focuses on a plaintiff's "excusable ignorance" of the statute of limitations. *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998). The doctrine is unavailable to those who are negligent in exercising due diligence to preserve their legal rights. *Id.* Its fact-intensive nature is more appropriate for resolution on summary judgment than at the pleading stage. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir.1995) (dismissal inappropriate "where the applicability of the equitable tolling doctrine depended upon factual questions not clearly resolved in the pleadings"). "Equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit" and "may be invoked if the defendant takes active steps to prevent the plaintiff from suing in time, such as by misrepresenting or concealing facts necessary to the discrimination claim." *Coppinger-Martin v. Solis*, 627 F.3d 745, 751 (9th Cir. 2010) (internal quotation marks and citations omitted).

In her Response, Plaintiff Isip relates a number of facts that are not contained in the Complaint to support her argument for equitable estoppel. Plaintiff requests to be allowed to amend her complaint to include those facts. However, the Court finds that is unnecessary as there are sufficient facts in the Complaint, when construed liberally, to support a finding of equitable tolling at this stage. In the Complaint she alleges ongoing activity in her investigation through November 27, 2017. At what point during that investigation did her claim accrue is a question more appropriately addressed in a motion for summary judgment or at trial. Therefore, the Court will deny WFG's motion to dismiss Isip's claims.

B. <u>Personal Jurisdiction Over WFG Regarding Perez's Claims</u>

WFG also contends the Court lacks personal jurisdiction over Plaintiff Perez's claims because WFG had no contact with Arizona in connection with her claims. Courts recognize two bases for personal jurisdiction: (1) general jurisdiction, which permits the state to exercise jurisdiction over the defendant in all matters; and (2) specific jurisdiction, which arises out of the defendant's contacts with the forum state giving rise to the litigation.

*Martin Castleberry Co. v. David*, No. CV-14-00348-PHX-SRB, 2014 WL 11515027, at *2 (D. Ariz. June 26, 2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923–24 (2011)). The Court will consider whether Plaintiff Perez's alleged claims are sufficient to confer jurisdiction over WFG in the District of Arizona.

General jurisdiction exists when the defendant has "continuous and systematic" contacts with the forum state, whereas specific jurisdiction exists when the controversy arises from or is related to the defendant's contact with the forum state. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984). The standard to establish general jurisdiction is an "exacting" one, as the defendant's contacts must be such that they "approximate physical presence" in the forum state. *Schwarzenegger*, 374 F.3d at 801. For a corporation, the forum for the exercise of general jurisdiction is one where the corporation is at home. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S. Ct. 2846, 2853 (2011). For corporations, the all-purpose forums for general jurisdiction are where the corporation is incorporated and where it has its principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).

WFG is incorporated in Delaware and has is principal place of business in Johns Cree, Georgia. (Mot., Ex. A, Schaad Declaration ¶4). It has a total of 46,326 licensed independent contractors nationwide and 723 of them work in Arizona. Without more, this does not make WFG "at home" in Arizona. The Court does not have general jurisdiction over WFG.

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-284 (2014) (citations and internal quotations omitted). A "defendant's suit-related conduct must create a substantial connection with the forums state." *Id.* Here, Plaintiff Perez made no allegations of wrongdoing in Arizona by WFG. Rather, all of Perez's allegations concern activity in Anaheim, California, Las Vegas, Nevada, and the Philippines. (Complaint ¶¶ 27, 31, 33, 35–37). Therefore, there cannot be specific jurisdiction over WFG in Arizona for the

conduct alleged by Plaintiff Perez.

   3. Plaintiffs' Motions for Leave to Amend

In their responses, Plaintiffs request leave to file an amended complaint. (Doc. 20 at 1; Doc. 27 at 2). The requests were not made in accordance with Rule 15 of the Federal Rules of Civil Procedure nor in accordance with Local Civil Rule 15.1.[1] The requests for leave did not explain what Plaintiffs hope to add to the Complaint. They also did not include the proposed text of the Amended Complaint as required by LRCiv 15.1. There is no need for Plaintiff Isip to amend the complaint because the motion to dismiss is being denied as to her.

If Plaintiff Perez believes she can cure the deficiencies in the Complaint as it relates to her, she has until August 31, 2019, to file a motion for leave to amend in compliance with Local Rule 15.1. If Plaintiff Perez decides to file an amended complaint, she is reminded that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012), and it must be complete in itself and "must not incorporate by reference any part of the preceding pleading, including exhibits," LRCiv 15.1.

**IV.  Conclusion**

**IT IS ORDERED** denying Defendant's Motion to Dismiss as to Plaintiff Isip and granting Defendant's Motion to Dismiss as to Plaintiff Perez.

**IT IS FURTHER ORDERED** denying without prejudice Plaintiffs' requests for leave to amend their complaint. Plaintiff Perez has until August 31, 2019, to file a motion for leave in compliance with the federal and local rules of civil procedure.

Dated this 8th day of August, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge

---

[1] Available at http://www.azd.uscourts.gov/local-rules.