**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Faye Perez, | No. CV-18-04182-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| World Financial Group, | |
| Defendant. | |

Pending before the Court is Plaintiff Faye Perez's Motion for Leave to Amend Complaint. (Doc. 33, "Motion"; *see also* Doc. 1, "Complaint") Defendant World Financial Group ("WFG") responded. (Doc. 37.) Plaintiff Perez failed to reply. The Court previously found no personal jurisdiction over WFG in Arizona and dismissed Perez's claims. (Doc. 29 at 4-6). The Court allowed Perez to file for leave to amend to cure the Complaint's deficiencies related to her claims in accordance with LRCiv. 15.1. (*Id.* at 6.) To comply, the Court reminded Perez the purpose of the amendment was to "cure the deficiencies" identified in the Court's order, that a motion for leave to amend must be filed by August 31, 2019, and that an amended complaint would supersede the original. (*Id.*) Perez's Motion is untimely and fails to address the deficiencies identified by the Court's previous order. Accordingly, the Court denies Perez's motion.

Perez's Motion is untimely. The Court's previous order instructed Perez to file a motion for leave to amend by August 31, 2019. Perez did not seek to amend prior to that

date nor seek an extension to file.[1]  *See* LRCiv. 7.2(a) ("All motions . . . shall be made sufficiently in advance of trial to comply with the time periods set forth in this local rule and any Court order."). The Court thus denies the Motion as untimely.

Even were the Court to forgive Perez's non-compliance, the Motion fails to address, much less cure, the deficiencies of the Complaint.  Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "[t]he power to grant leave to amend . . . is entrusted to the discretion of the district court, which determines the propriety of a motion to amend."  *Weber v. Allergan Inc.*, No. CV-12-02388-PHX-SRB, 2016 WL 8114210, at *2 (D. Ariz. Feb. 17, 2016) (quotation marks omitted) (citing *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010)).  Courts consider five factors to assess the propriety of a motion to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."[2] *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quotation and citation omitted).  But, "[f]utility of amendment, by itself, can justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  "[L]eave to amend should be denied as futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'"  *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)).  Here, Perez's proposed amendment contains nothing to support this Court's exercise of personal jurisdiction over WFG.  No new facts establish WFG is "at home" in Arizona or demonstrate any additional connection between WFG and Arizona. As outlined by this Court's prior order: "a 'defendant's suit-related conduct must create a substantial connection with the forum state.'"  (Doc 29 at 5 (citing *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014))).  This Court's earlier findings concerning the Complaint also apply to Perez's proposed amendment; The amendment concerns activity in Anaheim,

---

[1] Perez filed her Motion on September 3, 2019.  (Motion at 1.)
[2] There is no indication of bad faith by Perez. Undue delay and prejudice to the opposing party weigh slightly in WFG's favor but are balanced by this being Perez's first attempted amendment. Futility, as discussed *infra*, would clearly favor denial of Perez's Motion, if timely filed.

California, Las Vegas, Nevada, and the Philippines but makes "no allegations of wrongdoing in Arizona by WFG." (Doc. 29 at 5.) The proposed amendment alleges no facts curing the Complaint's deficiencies that would allow the Court to exercise jurisdiction over WFG concerning Perez's claims. *See Barahona*, 881 F.3d at 1134. Thus, even if timely, the Motion would be denied as futile.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint as to Faye Perez, (Doc. 33), is **DENIED**.

Dated this 9th day of December, 2019.

Honorable Susan M. Brnovich
United States District Judge